■ In the Matter of the Claim of GUSTAF T. HANSON, Respondent, against ERMINO JULIANO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and carrier from an award of the Workmen's Compensation Board which discharged the Special Disability Fund under subdivision 8 of section 15 of the Workmen's Compensation Law from liability. Claimant was employed on a part-time basis as a janitor for an apartment house owned by employer. At the same time the claimant had another full time job for another employer. His work as janitor for the present appellant was performed by claimant's wife and family and by claimant working only after hours and on days when he was not required to work at his regular employment. He was injured in the course of his regular full time employment on April 11, 1947, for which he received a compensation award for temporary total disability over a substantial period of time. During the interval his wife and family performed the janitor services and he was paid regularly by the appellant. On December 14, 1949, claimant was injured in connection with his employment as janitor for this employer. For this injury the board has made an award and charged it solely against the employer, stating in its memorandum of decision: "The Board Panel finds that Section 15, Subdivision 8 (d) of the Workmen's Compensation Law is not applicable to the instant case, as there is no proof in the record that claimant was hired as a disabled person." Appellants seize upon the word "hired" and contend that the board has misapprehended the rule and has denied reimbursement from the Special Disability Fund because the employer did not have knowledge of a permanent physical impairment at the time of claimant's initial employment. We agree with appellants' contention that the discharge of the Special Disability Fund would have been improper if based upon such a theory. Of course, such knowledge at the time of the initial hiring would have been impossible, because the first accident had not then occurred. It has been settled since *Matter of Zyla* v. *Juilliard & Co.* (277 App. Div. 604), and later cases following it, that, as a prerequisite to liability of the Special Disability Fund, the employer must either originally hire the employee or continue him in employment with knowledge of a permanent physical impairment. While the use of the word "hired" may have been an unfortunate choice of a word, the record clearly indicates that it was used in the general, all inclusive sense, covering the period of claimant's employment after he sustained his first accident. The record discloses that all of the evidence adduced relating to knowledge of the employer concerned the period following claimant's injury in his full time employment on April 11, 1947, and it seems clear that the board's determination was based upon a lack of knowledge during that period when claimant was continued in his part-time employment with his family doing the work in substantially the same manner as the work was performed before his injury. The board could determine on this record that the appellant employer gave no consideration at all to claimant's physical condition in continuing his part-time employment after his first accident and did not continue him in employment with knowledge of a permanent physical impairment, and we do not think that the board was bound as a matter of law to find liability

on the part of the Special Disability Fund. Award affirmed, with costs to respondent, Special Disability Fund. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.